IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ALLISON GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:13CV00064 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| WINCHESTER MEDICAL CENTER, | ) | By: James P. Jones |
| ET AL., | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Barbara S. Williams and Cory R. Ford, WilliamsFord, Leesburg, Virginia, and Michael M. Ain, Ain & Stein, LLC, Rockville, Maryland, for Plaintiff; Susan L. Mitchell and Matthew D. Banks, Altman, Spence, Mitchell & Brown, P.C., Fairfax, Virginia, for Defendant David Epstein, M.D.; Byron J. Mitchell and Paul T. Walkinshaw, Rawls, McNelis + Mitchell, P.C., Richmond, Virginia, for Defendants James Dumont, M.D., and WSC, Ltd., d/b/a Winchester Surgical Clinic, Ltd.*

The losing plaintiff in this medical malpractice case has objected to the bills of costs filed by the defendants under Federal Rule of Civil Procedure 54(d)(1). For the reasons that follow, I will exercise my discretion to deny costs.

I.

In this diversity case, the plaintiff Allison Green sought compensation on account of medical care she had received while a patient in a hospital's critical care unit following a highway accident. The plaintiff's theory of liability was that her physicians had failed to diagnosis and properly treat acute compartment syndrome

in her left hand — a condition of excessive internal pressure causing inadequate blood flow — resulting in permanent injury to the hand. The case was tried to a jury against defendants David Epstein, M.D., James Dumont, M.D., and WSC, Ltd., doing business as Winchester Surgical Clinic, Ltd., the employer of Dr. Dumont. At the conclusion of a week-long trial, the jury found in favor of the defendants and final judgment was entered on the verdict. Thereafter, the defendants filed bills of costs to which the plaintiff has objected. The parties have submitted briefs in support of their respective positions, and the question of costs is ripe for decision.

II.

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise." *Williams v. Metro Life Ins. Co.*, 609 F.3d 622, 636 (4th Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)). There is thus a presumption in favor of an award of costs to the prevailing party. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999); *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). Costs may be refused under this rule only if the district court "justif[ies] its decision by 'articulating some good reason for doing so.'" *Teague*, 35 F.3d at 996 (quoting *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990)). "Among the factors that justify denying an award of costs are: (1)

misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (unpublished).

Pursuant to Dr. Epstein's Bill of Costs, he seeks $11,376.96, representing costs for deposition transcripts and recordings, printing expenses, and witness travel. In Dr. Dumont's and WSC, Ltd.'s Bill of Costs, they seek $12,959.25, representing similar costs, but also including fees for witnesses.

The plaintiff has raised various objections to both defendants' requests for costs, including: (1) the defendants' costs were covered by malpractice insurance and not by the defendants individually, (2) the defendants' requests for costs were not timely filed, (3) equity considerations weigh against imposing costs on the plaintiff, and (4) various requested costs are excessive.

First, regarding the plaintiff's non-party payment argument, the plaintiff "does not dispute that Dr. Epstein and Dr. Dumont are the prevailing parties" in this proceeding. (Pl.'s Mot. and Br. in Opp'n to Def. Epstein's Rule 54 Bill of Costs 1, ECF No. 188.) The plaintiff suggests, however, that the defendants' costs were actually paid by their respective malpractice insurance carriers. As a result,

the plaintiff argues that no costs should be reimbursed to the defendants, because they did not actually pay any costs for their representation.

In support of her position, the plaintiff references Virginia law, pointing out that an insurer is not a proper party to an action against an insured tortfeasor. The plaintiff concludes that because the defendants' insurers cannot be parties to this proceeding, they cannot be reimbursed for the costs they incurred on behalf of their insureds.

The plaintiff's argument is not supported by federal case law interpreting Rule 54(d)(1). Even if a prevailing party's costs are paid by a non-party, there is no blanket prohibition against a prevailing party's recovery of costs. *See Scallet v. Rosenblum*, 176 F.R.D. 522, 524 (W.D. Va. 1997) (concluding that there is no requirement to trace the original source of funds to recover costs); *Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, No. 3:06–CV–812–L (BH), 2012 WL 1835759, at *2 (N.D. Tex. Apr. 30, 2012) ("On its face, Rule 54(d) merely provides that costs 'should be allowed to a prevailing party' and does not create an exception for a prevailing party whose costs are paid by another."); *Guarrasi v. Gibbons*, No. 07–5475, 2011 WL 382598, at *1 (E.D. Pa. Feb. 3, 2011) ("Indeed, other courts that have considered the issue have concluded that costs may be awarded 'to a prevailing party even if such costs were initially paid by a third party on the prevailing party's behalf.'" (citation omitted)). Furthermore, at least one

-4-

Case 5:13-cv-00064-JPJ-JGW   Document 198   Filed 01/20/15   Page 4 of 9   Pageid#: 3504

circuit court of appeals has specifically found that costs covered by a non-party insurer are recoverable by the insured as the prevailing party. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 638–39 (11th Cir. 1991); *see also Bilezikjian v. Baxter Healthcare Corp.*, No. 92 CIV. 9498(HB), 1999 WL 945522, at *2 (S.D.N.Y. Oct. 18, 1999) (noting that the prevailing party "may have insurance coverage for all expenses associated with this litigation"). A critical argument in favor of this outcome is that a contrary position would "allow plaintiffs to bring lawsuits against insured defendants without incurring litigation costs after losing on the merits." *Lomelo*, 929 F.2d at 639.

The plaintiff's next contention is that the defendants did not timely file their bills of costs. Judgment in favor of the defendants was entered on November 24, 2014. Dr. Epstein filed his Bill of Costs on December 17, 2014, and Dr. Dumont and WSC, Ltd. filed theirs on December 31, 2014. In short, the defendants submitted their bills of costs within approximately one month of the entry of judgment.

Neither Rule 54(d)(1), nor the local rules of the Western District of Virginia, set forth a specific time limit for seeking costs. *See Walker v. Mod-U-Kraf Homes, LLC*, No. 7:12CV00470, 2014 WL 2450118, at *2 (W.D. Va. May 30, 2014); *Ratcliff v. ABC Television & Appliance Rental, Inc.*, No. 7:04CV00757, 2006 WL 229153, at *1 (W.D. Va. Jan. 19, 2006). Therefore, "a party need only seek costs
-5-

within a reasonable time." *Ratcliff*, 2006 WL 229153, at *1. In this case, I do not find that the defendants' bills of costs were untimely filed. *See Walker*, 2014 WL 2450118, at *2 (finding that four month delay was not unreasonable); *Ratcliff*, 2006 WL 229153, at *1 (finding that two month delay was not unreasonable).

The plaintiff argues that equity considerations weigh against imposing costs in this case. Within the context of the previously referenced *Cherry* factors,[1] the plaintiff asserts that she would suffer hardship to pay the costs asserted by the defendants and that the issues at trial were close ones.

Financial inability to pay may be considered by the court in exempting an unsuccessful party from their presumptive obligation. *Teague*, 35 F.3d at 996. The court, however, must carefully consider whether the losing party does in fact have "the effective ability to satisfy [the prevailing party's] bill of costs." *Cherry*, 186 F.3d at 447.

Based on the evidence presented at trial, I find that the plaintiff is plainly of modest means. She works at a grocery store for close to minimum wage. She is seeking a community college degree and is personally paying for the cost of her education.

---

[1] The plaintiff's assertion of good faith is not an independent factor, but a prerequisite to denying costs. *See Cherry*, 186 F.3d at 447 ("[G]ood faith . . . is a *prerequisite* for [a party's] claim to relief from the presumptive application of Rule 54(d)(1)"). I believe that all parties pursued this litigation in good faith.

While there is some merit to the argument that the plaintiff's current and potential educational pursuits and other settlement funds that may exist in this case indicate a present or future ability to pay the costs asserted by the defendants,[2] I find that the evidence presented at trial demonstrates that, at least without further education, the permanent injury suffered by the plaintiff has substantially reduced her present and future earnings potential. *See Comer v. Pilgrim's Pride Corp.*, No. 5:06CV00016, 2007 U.S. Dist. LEXIS 55425, at *4 (W.D. Va. July 30, 2007) (denying costs where evidence at trial showed that plaintiff's income was substantially reduced because of her injuries in accident). For example, even in her current employment, the plaintiff requires flexibility from her employer and coworkers to perform her work assignments because of her physical limitations. Under these circumstances, I find that the plaintiff's financial condition militates against an award of costs.

Furthermore, I conclude that the case was a close and difficult one. In a medical malpractice case, negligence can normally be shown only through expert opinion, *see Riverside Hosp., Inc. v. Johnson*, 636 S.E.2d 416, 426 (Va. 2006), and the parties' competing experts here, holding starkly different opinions as to

---

[2] Prior to trial, the plaintiff dismissed her claims against the other defendants, Winchester Medical Center, Kevin McNeely, R.N., and Valley Physicians Enterprise d/b/a Valley Health Cardiothoracic and Vascular Surgeons, presumably as a result of a settlement with one or more of those defendants. However, the details of any such settlement, if it occurred, have not been disclosed. I cannot assume that such a settlement leaves the plaintiff with the ready funds to pay the costs sought here.

-7-

liability and causation, were all credible, with rational opinions based upon their respective experience and knowledge. The plaintiff's medical condition and resulting impairment were uncontested, leaving only the questions of whether the lack of an earlier diagnose and treatment of compartment syndrome was negligent and caused her resulting injury. The case could have easily gone either way.[3]

Based upon all of these facts, I find that it would be unjust to award costs to the prevailing defendants. *See Cherry*, 186 F.3d at 446 ("Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award.").

### III.

For the foregoing reasons, it is **ORDERED** that the Defendants' Bills of Costs (ECF Nos. 186, 191) are DENIED.

---

[3] The plaintiff also raises issues regarding certain expenses claimed by the defendants, particularly costs for expert witness travel, deposition transcripts and recordings, and printing expenses. Without determining whether a specific number of copies was excessive or whether a particular transcript was necessary, I find that the defendants' bills of costs are not excessive on their face. *See Walker*, 2014 WL 2450118, at *2; *Washington v. Kroger Ltd. P'ship I*, No. 3:11–cr–00074, 2013 WL 439851, at *2 (W.D. Va. Feb. 5, 2013); *see also Scallet*, 176 F.R.D. at 525–27 (recognizing that photocopy, deposition transcripts, and witness travel expenses can be taxable costs). This is not to say that if I were calculating an award of costs in this case that some individual expenses might be reduced or excluded. *Washington*, 2013 WL 439851, at *2 ("It is the duty of this Court to review all of the costs requested by [the prevailing party]."). It is not necessary, however, to make any specific determinations regarding individual costs, because I am denying them in their entirety.

ENTER: January 20, 2015

/s/  James P. Jones
United States District Judge